NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA23-429

STATE OF LOUISIANA

VERSUS

KEVIN JAMES ALEXANDER
AKA KEVIN J. ALEXANDER
AKA JAMES K. ALEXANDER
AKA KEVIN ALEXANDER, JR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 145,966
HONORABLE DAVID M. SMITH, JUDGE

\*\*\*\*\*\*\*\*\*\*

**CANDYCE G. PERRET**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Van K. Kyzar, and Candyce G. Perret, Judges.

> **APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

Hon. Donald Landry
District Attorney
P.O. Box 3306
Lafayette, LA 70502
COUNSEL FOR APPELLEE:
        State of Louisiana

Annette Roach
Louisiana Appellate Project
P.O. Box 6547
Lake Charles, LA  70606-6547
(337) 436-3384
COUNSEL FOR APPELLANT:
       Kevin James Alexander

**PERRET, Judge.**

On May 12, 2017, Defendant, Kevin James Alexander, was convicted by a jury of aggravated flight from an officer, a violation of La.R.S. 14:108.1(C), and aggravated criminal damage to property, a violation of La.R.S. 14:55. On August 28, 2017, Defendant was sentenced to serve twelve years at hard labor for aggravated criminal damage to property and two years at hard labor for aggravated flight from an officer. Both were with credit for time served and were to be served concurrently.

On December 21, 2017, Defendant filed an appeal. This court affirmed both of Defendant's convictions but vacated the sentence for aggravated flight from an officer and remanded it for resentencing finding that the sentence imposed was unclear. *State v. Alexander*, 17-1166 (La.App. 3 Cir. 9/26/18), 256 So.3d 365, *writ denied*, 18-1794 (La. 4/5/19), 267 So.3d 1130.

Defendant was resentenced on November 5, 2018. The transcript reflects that Defendant was sentenced to two years hard labor for aggravated flight from an officer to run concurrently with the twelve-year sentence for aggravated criminal damage to property.

On May 8, 2019, Defendant filed an application for post-conviction relief pursuant to La.Code Crim.P. art. 927, along with a memorandum in support of his application. At a hearing held on February 1, 2023, the trial court denied Defendant's application for post-conviction relief.

On February 8, 2023, a motion for appeal and designation of record was filed on behalf of Defendant. On February 16, 2023, an order was signed granting an appeal on behalf of the Defendant and appointing the Louisiana Appellate Project to handle the appeal.

The record was lodged with this court on July 6, 2023, and on July 7, 2023, this court issued a rule to show cause why the appeal in this case should not be dismissed as the judgment at issue is not appealable. Defendant was given until August 2, 2023, to file a brief.

A "Brief on Rule to Show Cause" from Defendant's appointed attorney was received on August 7, 2023. The brief stated in part: "The proper review of the denial of an application for post-conviction relief is by invoking the court's supervisory jurisdiction. Thus, the appeal in the present case was improper." The Defendant's appointed attorney further requested: "[T]hat the court allow Kevin Alexander a period of thirty days from the date of the court's decision in this case to complete and file a timely application for writ of review."

Accordingly, the appeal is dismissed. Defendant may seek supervisory writs within thirty (30) days of the date of this decision. Defendant is not required to file a notice of intent to seek writs nor must he obtain an order from the trial court setting a return date, as is generally required by Uniform Rules—Courts of Appeal, Rule 4–3. We construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.